# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5186 | **DATE** | 1/9/2002 |
| **CASE TITLE** | Van Horn vs. Graves and Venture Express, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Before the court are Defendant, Ronald Graves' motion to dismiss [5-1] and Defendant, Venture Express, Inc.'s motion to transfer [6-1]. The court grants Defendant, Venture Express, Inc.'s motion to transfer [6-1]. See attached opinion. The Clerk of Court is ordered to transfer this case to the Western District of Kentucky. Defendant, Ronald Graves' motion to dismiss is denied as moot [5-1].

*Charles Norgle*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | **JAN 1 0 2002** | | |
| X | Docketing to mail notices. | | date docketed | | **14** |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | |
| | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CAROLINE M. VAN HORN,                    )
Individually, and as Special Administrator )
of the Estate of JARED M. VAN HORN,      )
Deceased                                  )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )        Case No. 01 C 5186
                                          )        HONORABLE CHARLES R. NORGLE
                                          )
RONALD GRAVES and VENTURE                 )
EXPRESS, INC.,                            )
                                          )
                    Defendants.           )

DOCKETED

JAN 1 0 2002

DOCKETED

JAN 1 0 2002

## OPINION AND ORDER

CHARLES R. NORGLE, Sr., District Judge:

Before the court is Defendant's motion to transfer. For the following reasons, the court

grants Defendant's motion to transfer and orders the clerk to transfer this case to the Western District

of Kentucky.

## I. BACKGROUND

This case involves a wrongful death personal injury claim. The claim is the result of an

accident that occurred in Warren County, Kentucky. On May 7, 2001, Defendant, Ronald Graves

("Graves"), was driving a 1997 Volvo tractor trailer, which was owned by Defendant, Venture

Express, Inc. ("Venture Express"), Northbound on Interstate 65. At or near mile marker 33, Graves

struck and killed Plaintiff's decedent, Jared M. Van Horn. Plaintiff, Caroline M. Van Horn ("Van

Horn"), acting as Special Administrator of the Estate of Jared M. Van Horn, filed suit in the Circuit

Court of Cook County on May 24, 2001. Graves and Venture Express then filed a petition for

removal to this court on July 5, 2001. Venture Express filed this motion to transfer pursuant to 28 U.S.C. § 1404(a).

## II. DISCUSSION

A district court may transfer a case pursuant to 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice,
> a district court may transfer any civil action to any other district or
> division where it might have been.

28 U.S.C. § 1404(a). Under § 1404(a), transfer is proper if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) the transfer is in the interest of justice. See Boyd v. Snyder, 44 F. Supp. 2d 966, 968 (N.D. Ill. 1999). The moving party bears the burden of demonstrating that the transferee forum is the more convenient forum. See id.; see also Heller Fin., Inc v. Midwhey Powder Co. Inc., 883 F. 2d 1286, 1293 (7th Cir. 1989). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

### A. Venue

The parties do not dispute that venue is proper in both the Northern District of Illinois and the Western District of Kentucky. The action could have been brought in the Western District of Kentucky because under 28 U.S.C. § 1391(a) a lawsuit may be brought in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a). However, still in dispute is whether the transfer will serve the convenience of the parties and witnesses and the interests of justice.

**B. Convenience of the Parties and Witnesses**

The court must consider both the private interest of the parties and the public interest of the court in evaluating the convenience and fairness of the proposed transfer. See Medi USA v. Jobst Inst. Inc., 791 F. Supp. 208, 210 (N.D. Ill. 1992). Private interest include : (1) plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum, including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses; and (4) convenience to the parties–specifically, their respective residences and abilities to bear the expense of trial in a particular forum. See id.; see generally 15 Charles A. Wright, Arthur R. Miller & E. Cooper, Federal Practice and Procedure §§ 3849-53 (1986).

Considering all of the factors, the court finds that transfer is appropriate. First, Van Horn's choice of forum is not as significant as presented. In certain circumstances a plaintiff's choice of forum is given substantial weight, but is usually not a dominant factor, see Medi, 791 F. Supp. at 210, and it is not the only factor a court must consider. See Van Holdt v. Husky Injection Molding Systems, Ltd., 887 F. Supp. 185, 188 (N.D. Ill. 1995). Moreover, under the usual analysis, there is a strong presumption in favor of the plaintiffs choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum. AAR Internat'l, Inc. v. Nimeliss Enterprises, S.A., 250 F.3d 510, 524 (7th Cir. 2001).

Second, even though Van Horn chose Illinois as its forum, the material events of the case revolve around the Western District of Kentucky. Where the chosen forum is not the situs of material events, the chosen forum is entitled to less deference. See Law Bulletin Publishing Co. v. LRP Publications, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998).

Third, the relative ease of access to sources of proof in each forum dictate that the court should transfer this case. The sources of proof will primarily involve witnesses testimony. The only witness to the accident is Graves. Additionally, and potentially more significant, will be the testimony of Kentucky State Trooper T. Alexander ("Trooper Alexander"), Warren County Coroner Chris Smith ("Coroner Smith"), and Dr. Barbau Weakly Jones ("Dr. Jones"). Each of these individuals reside within the Western District of Kentucky.

Van Horn argues that Illinois is a more convenient forum because: (1) Van Horn's home is in Illinois; and (2) that a larger number of witnesses related to the proof of damages are in Illinois. The court finds Venture Express' argument more persuasive. While it is true that Van Horn's home is in Illinois, this has little bearing on where the sources of proof are located. In contrast, Van Horn's argument concerning witnesses who would testify for proof of damages is more relevant. However, Van Horn fails to acknowledge that in order to present proof of damages there must first be a determination of liability. On these facts, the court finds that the convenience of the witnesses and access to the proofs weighs in favor of transferring the case.

The fourth factor, convenience of the parties and costs of litigation, also weighs slightly in favor of transferring. A court will not grant a motion to transfer if it will merely shift the inconvenience from one party to another. See Medi, 791 F. Supp. at 211; see also Central States v. White, No. 99 C 1046, 1999 WL 447059, at *2 (N.D. Ill. June 25, 1999). Given the nature of the case, inevitably one party must bear the burden of costs related to litigation in a distant forum. Van Horn asserts that in view of her domestic and financial circumstances, her participation in a trial in Kentucky would be unfairly burdensome. Trial in Kentucky or downtown Chicago, Illinois, places a burden on the financial and domestic lives of all parties, Van Horn and Graves alike. Non-party

4

essential witnesses, Trooper Alexander, Coroner Smith, Dr. Jones, and others from Kentucky are also inconvenienced more significantly by time, travel, and costs of litigation in Chicago, Illinois.

Van Horn argues regarding inconveniences to damages witnesses. However, in a case where liability is hotly contested, the court must not give too much weight to that factor.

The public interest factors also weigh in favor of transfer. Public interest factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale. See Symons Corp. v. Southern Farming and Supply Inc., 954 F. Supp. 184, 186 (N.D. Ill. 1997)(citing Von Gelder v. Taylor, 621 F. Supp. 613, 619 (N.D. Ill. 1985)). First, the U.S. District Court for the Western District of Kentucky would necessarily be more familiar with the applicable law. Second, the desirability of resolving this controversy where it arose requires transfer.

### C. Interest of Justice

The third element, "the interest of justice," pertains to the "efficient administration of the court system," and is a distinct and "separate component of a § 1404(a) analysis." See Coffey, 796 F.2d at 220-221. In other words, the element may require the court to deny a motion to transfer, even though the court would otherwise find the original forum to be inconvenient for the parties and witnesses. See id. The interest of justice element includes factors such as the speed at which the case will proceed to trial, the feasibility of consolidation, and the courts familiarity with applicable law. See id. at 221; See also Gasada v. Indiana Harbor Belt R.R. Co., No. 98 C 8371, 1999 WL 592098, at *3 (N.D. Ill. Aug. 2, 1999). Venture Express presents arguments to the effect that the Western District of Kentucky will resolve the conflict more rapidly and that since Kentucky law will apply then the Western District of Kentucky should decide the interests of Kentucky residents. Van Horn argues that there is no evidence that the dispute will be resolved more quickly in the Western

District of Kentucky and that the applicable law should not be given any considerable weight. The court finds Venture Express' argument more persuasive. Van Horn correctly points out that Venture Express offers no evidence to support its assertion that the Western District of Kentucky's court docket is less crowded. However, more significantly is the fact that, as Venture Express states, "this is a local controversy which should be decided by residents of the State of Kentucky who have much greater interest in the outcome of the litigation as opposed to residents of Illinois." (Def.'s Mot. to Transfer, p. 6.) Thus, the interest of justice would be served if the case was transferred to Western District of Kentucky.

## III. CONCLUSION

For the reasons stated above, the court grants the motion to transfer. The court orders the clerk of the court to transfer the entire case file to the Western District of Kentucky.

IT IS SO ORDERED.

ENTER:

*Charles Norgle*

CHARLES RONALD NORGLE, SR. Judge

United States District Court

DATED: _1-9-02_